IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEANNETTE A. TANNAHILL,
    Plaintiff,

vs.                                                          Case No. 08-1093-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
    Defendant.

MEMORANDUM AND ORDER

Plaintiff Jeannette Tannahill filed the present action following a denial of her application for disability insurance benefits. For the following reasons, the court denies plaintiff's appeal.

Plaintiff originally filed an application for disability insurance benefits on May 5, 2006 (Tr. at 100-04), which was denied initially and upon reconsideration. (Tr. at 73; Tr. at 75-79; Tr. at 74; and Tr. at 81-84). Plaintiff requested a hearing, after which the Administrative Law Judge ("ALJ") issued an unfavorable decision on September 12, 2007. (Tr. at 12-22). The Appeals Council denied review on February 7, 2008 (Tr. at 2-5).

Plaintiff now appeals, asserting three claims of error: 1) the ALJ's decision that her back impairment did not meet or equal the requirements of Listing §1.04A is not supported by substantial evidence; 2) the ALJ's credibility determination is not supported by substantial evidence; and 3) the ALJ assigned improper weight to the medical opinions.

This court's review is limited to determining whether, taking the record as a whole, substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal

standards. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1214.

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that she was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months). The Commissioner's regulations set forth a mandatory five-step sequential evaluation process ("SEP") for assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ must determine whether plaintiff is engaged in substantial gainful activity, whether she has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, App.1. *Id*. At step four of the process, the ALJ must address three phases in making a determination. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first phase requires an evaluation of the claimant's residual functional capacity. *Id.* at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. *Id*. In the third

phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*. Specific findings are required at all phases. *Id*.

Here, the ALJ determined that plaintiff suffered from severe impairments of degenerative disc disease, chronic obstructive pulmonary disease and gastro esophageal reflux disease. (Tr. at 15). However, he found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. (Tr. at 16). The ALJ concluded that plaintiff could perform a restricted range of light work, but could not climb ladders, ropes or scaffolds. (Tr. at 16). He also found plaintiff should avoid exposure to temperature or humidity extremes and irritants, such as fumes, gases and chemicals. (Tr. at 16). After finding plaintiff could not perform her past relevant work, (Tr. at 20), the ALJ determined she could perform work as an assembler, ticket seller, surveillance systems monitor and callout operator, relying on vocational expert testimony. (Tr. at 21).

In claiming that the ALJ's decision is not supported by substantial evidence in the record, plaintiff first argues that the ALJ improperly failed to find that her back impairment meets or equals the requirements of Listing §1.04. Plaintiff alleges she became disabled beginning September 1, 2001. (Tr. at 100). Subsection A of the Listing requires:

> Evidence of nerve root compression characterized by neurological-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

Plaintiff does not cite support for her allegation that she has "a herniated nucleus pulposus that resulted in the compromise of a nerve root." (Dkt. No. 10 at 13). There is no evidence of nerve root compromise or compression based on the repeated MRI scans. (Tr. at 248-49, 252, 317, 320 and 332). The ALJ's finding that plaintiff's back impairment does not meet the criteria of Listing § 1.04 is supported by substantial evidence.

On plaintiff's next claim, the ALJ noted the following in support of his concerns regarding plaintiff's credibility: 1) inconsistencies between plaintiff's subjective allegations and the objective medical evidence; 2) lack of treatment for extended periods of time; 3) conservative treatment; and 4) inconsistencies between plaintiff's subjective allegations and her activities. (Tr. at 17-20). The plaintiff alleges the "medical evidence is uncontroverted that the claimant's pain and limitation of motion are very disabling." (Dkt. No. 10 at 9). However, Dr. Grundmeyer, a treating specialist, noted symmetrical reflexes, no motor or sensory deficits, normal gait, and recommended only conservative treatment. (Tr. at 219-20, 291, 293, 332-33 and 335.) Four days after plaintiff's alleged onset date in September 2001, an examination showed negative straight leg raise, full range of motion of the extremities, smooth ambulation, and an MRI demonstrated minimal findings which "felt to be of limited clinical consequences." (Tr. at 252). Plaintiff sought no treatment for her alleged disabling back pain from February 2004 until June 2006. (Tr. at 18). *See Segura v. Barnhart*, 2005 WL 2203237 (10th Cir. 2005) (major factor in credibility analysis was the lack of regular medical treatment, including prescriptions for pain relief); *Shepherd v. Apfel*, 184 F.3d 1196, 1202 (10th Cir. 1999) (ALJ's credibility determination supported by claimant's failure to seek medical treatment).

The ALJ properly considered plaintiff's credibility according to the regulations, *see* 20 C.F.R. § 416.929, and determined that her subjective allegations were not entirely credible. "[T]he ALJ must decide whether a claimant's subjective claims of pain are credible, considering such factors as 'a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor . . . , the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.'" *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (quoting *Luna v. Bowen*, 843 F.2d 161, 165-66 (10th Cir. 1987)). The ALJ's credibility determination is supported by substantial evidence.

Plaintiff next claims the ALJ assigned improper weight to the medical opinions, specifically Dr. McCarty's opinion. (Dkt. No. 10 at 16). The ALJ found that Dr. McCarty's opinion is not consistent with the objective evidence (Tr. at 19-20), which showed that plaintiff has only mild degenerative disc disease. (Tr. at 20). There is no objective evidence that the plaintiff was as limited as Dr. McCarty noted. Dr. Grundmeyer gave no restrictions and did not recommend surgery but advised the plaintiff to continue with her medication. (Tr. at 20). Dr. Manasco counseled the plaintiff to lose weight, quit using stimulants and stretch. (Tr. at 20). Dr. Oommen, the consultative examiner for Disability Determinations, made the following findings: 1) plaintiff's gait is normal; 2) plaintiff has full range of motion; 3) plaintiff's motor, sensation and reflexes are all normal and 4) she has mild difficulty with orthopedic maneuvers. (Tr. at 20). There is substantial evidence to support the ALJ's determination that Dr. McCarty's opinion was entitled to little weight.

IT IS ACCORDINGLY ORDERED this 30th day of March 2009, that plaintiff's appeal is denied.

                                                         s/ J. Thomas Marten
                                                         J. THOMAS MARTEN, JUDGE